UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>EQUAAN D SMITH, et al.,<br><br>Defendants. | Case No. 3:25-cv-00671-JSC<br><br>**ORDER REMANDING ACTION TO ALAMEDA COUNTY SUPERIOR COURT** |

This case arises out of years of litigation following Wells Fargo's foreclosure of a home owned by Defendant Equaan Smith in which Defendant Russell Robinson, her former attorney, owns a four percent interest. In 2020, Wells Fargo brought an action for declaratory relief, cancellation of instrument, quiet title, and slander of title in the Alameda County Superior Court. *See Wells Fargo Bank, N.A. VS Smith*, No. RG20051563. Two years later, the parties filed a stipulated dismissal following a settlement whereby judgment was entered in Wells Fargo's favor. Since this time, Defendants have removed the action to this court on five occasions, seeking to prevent the superior court from ruling on pending motions to enforce the judgment and/or convey possession of the subject property to Wells Fargo. *See* Case No. 23-3090; Case No. 23-6135; Case No. 24-3344; Case No. 25-671. On each occasion, the Court has remanded the action to the superior court for lack of subject matter jurisdiction. *See* Case No. 23-3090, Dkt. No. 29; Case No. 23-6135, Dkt. No. 30; Case No. 24-3344, Dkt. No. 20; Case No. 24-9335, Dkt. No. 11.

Eleven days after the Court most recently remanded Mr. Robinson's removal of the superior court action and issued a vexatious litigant order prohibiting Mr. Robinson from again removing the superior court action without federal court approval, Case No. 24-9335, Dkt. Nos. 11, 12, Ms. Smith removed the same superior court action again. Case No. 25-971, Dkt. No. 1.

Ms. Smith's removal was filed by attorney Jeffrey Neustadt, although he immediately filed a notice indicating he "was not her intended counsel of record in this matter." (Dkt. No. 2.) That filing was rejected by the clerk's office because counsel is required to file a motion to withdraw. On January 23, 2025, Mr. Neustadt filed a "Consent Order Granting Substitution of Attorney" which did not comply with Civil Local Rule 11-5(a). (Dkt. No. 6.) The Court ordered Ms. Smith and Mr. Neustadt to appear in person on February 6, 2025 to address the lack of subject matter jurisdiction and whether a vexatious litigant order should be entered as to Ms. Smith. (Dkt. No. 9.) Neither Ms. Smith nor Mr. Neustadt appeared, but Mr. Robinson appeared via Zoom and stated under oath that he was not involved in the latest removal. (Dkt. No. 11.)

Ms. Smith's removal is based on the identical allegations of federal question jurisdiction as invoked in her prior removal; namely, that Wells Fargo is "engaged and may be engaging in unlawful debt reporting and/or collection activity" in violation of the Federal Debt Collection Practices Act. (*Compare* Dkt. No. 1 at 2 *with* Case No. 24-3344, Dkt. No. 1 at 2.) In remanding Case No. 24-3344, the Court previously held these grounds do not establish a basis for subject matter jurisdiction. (Case. No. 24-3344, Dkt. No. 20.) Accordingly, as this action invokes the identical improper basis for federal subject matter jurisdiction, this action is again REMANDED to the Alameda County Superior Court for the reasons previously stated.

**IT IS SO ORDERED.**

Dated: February 6, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

2